UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL CROWLEY,

        Plaintiff,                                      Case No. 14-cv-11280
                                                             Honorable Gershwin A. Drain

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

        Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND [#8] AND REQUIRING DEFENDANT TO OBTAIN LOCAL COUNSEL PURSUANT TO E.D. MICH. L.R. 83.20(f)

**I.  INTRODUCTION**

On February 27, 2014, Plaintiff Paul Crowley filed the instant action in the Oakland County Circuit Court raising a single count for breach of contract against Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty Life"). Plaintiff is a covered participant under a group disability insurance policy (the "Plan") issued by Liberty Life to Plaintiff's employer, Compuware Corporation ("Compuware"). On March 28, 2014, Liberty Life removed the instant matter to this Court and asserted that Plaintiff's claim for breach of contract is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). *See* Dkt. No. 1.

Presently before the Court is Plaintiff's Motion to Remand, filed on May 2, 2014. Plaintiff maintains that this action seeks to enforce a separate contractual obligation that arose between the parties pursuant to a settlement agreement and not due to a disagreement concerning the

-1-

interpretation or enforcement of his employee benefit plan under ERISA. Therefore, Plaintiff argues his claim for breach of contract is not preempted by ERISA. Conversely, Liberty Life argues that Plaintiff's Complaint seeks to recover additional benefits under the terms of the Plan, or to clarify Plaintiff's right to receive future benefits under the Plan. Therefore, his claim is preempted by ERISA and removal was proper.

This matter is fully briefed and the Court finds that oral argument will not aid in the resolution of this matter. As such, the Court will resolve the instant matter on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Plaintiff's Motion to Remand.

## II.     FACTUAL BACKGROUND

The instant action arises from an accident that occurred on September 7, 2012. Plaintiff was riding his bicycle when he was hit by an automobile driven by Aaron Cutler. Plaintiff was severely injured and was hospitalized for more than two months. While he was in the hospital, Plaintiff was informed by Compuware, that effective September 16, 2012, his disability status would transition to long term disability ("LTD") under the Plan which entitled Plaintiff to benefits in the amount of 60% of his basic monthly earnings or $5,950.00 per month. Under the express terms of the Plan, Plaintiff's total monthly benefit would be offset based on "other income," which includes disability benefits under the United States Social Security Act.

In connection with Plaintiff's claim for LTD benefits under the Plan, Plaintiff executed a Social Security/Reimbursement Agreement. In that agreement, Plaintiff elected the option under which Liberty Life would not reduce his monthly benefits for estimated social security benefits until Plaintiff's application for social security benefits was decided. The agreement stated that Plaintiff's

election of this option could result in an overpayment to him if social security benefits were subsequently awarded, and that Plaintiff agreed to repay this overpayment to Liberty Life.

Plaintiff filed a negligence action against Cutler in the Oakland County Circuit Court. The parties entered into a settlement agreement in April of 2013. Following the settlement with Cutler, Plaintiff negotiated an agreement of a subrogation claim with Liberty Life. The release was executed on April 13, 2013 and stated in relevant part:

> FOR THE SOLE CONSIDERATION OF $20,000 . . . Liberty Life Assurance Company, releases and forever discharges Paul D. Crowley, Leslee Crowley, their administrators, heirs, employees, agents, assignees, attorneys and insurers, from any and all past or future claims, demands, liabilities, damages, actions, liens, or causes of action, arising out of the disability payments made to Paul Crowley as a result of a certain automobile accident which occurred on Friday, September 7, 2012[.]

*See* Compl., Ex. 5.

On September 23, 2013, Liberty Life sent a letter to Plaintiff requesting information concerning the status of Plaintiff's application for social security benefits. Plaintiff's counsel responded on October 18, 2013, and enclosed a copy of the April 13, 2013 release agreement. Citing to the release agreement, Plaintiff's counsel asserted that Liberty Life was not permitted to reduce Plaintiff's monthly LTD benefits payment based on social security benefits. Counsel refused to supply Liberty Life with any information concerning Plaintiff's application for social security benefits.

On January 9, 2014, Liberty Life informed Plaintiff that because he had not provided the requested information, Liberty Life estimated his social security disability benefits, and based on this estimate, Liberty Life would reduce his benefits under the Plan by $2,240.00 beginning with the

January 16, 2014 payment.[1] Plaintiff filed his breach of contract claim in the state court shortly thereafter.

### III. LAW & ANALYSIS

#### A. Plaintiff's Motion to Remand

Removal of an action from state court to federal court is permitted if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Claims "arising under the Constitution, laws, or treaties of the United States" are within the original jurisdiction of federal district courts. 28 U.S.C. § 1331. Generally, courts refer to the "well-pleaded" complaint rule to determine whether an action arises under federal law. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). However, "when a federal statute wholly displaces the state-law cause of action through complete preemption, the state law claim can be removed." *Id.*

ERISA's express preemption provision, 29 U.S.C. § 1144(a), states in relevant part that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). This is true "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id*.

The United States Supreme Court has repeatedly recognized the broad scope of ERISA preemption. *Id.*; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Moreover, the Sixth Circuit Court of Appeals has held "that Congress intended ERISA to have the broadest possible preemptive effect." *Lion's Volunteer Blind Indus., Inc. v. Automated Group Admin., Inc*., 195 F.3d 803, 807

---

[1] Liberty Life also informed Plaintiff that he had been overpaid benefits under the Plan through January of 2014 and that the total amount of the overpayment was $35,840.00.

(6th Cir. 1999). As such, "any state -law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Haviland v. Metro. Life Ins. Co.*, 876 F. Supp.2d 946, 955 (E.D. Mich. 2012) (quoting *Davila*, 542 U.S. at 208).

Here, Plaintiff is incorrect in asserting that his breach of settlement agreement claim does not relate to his ERISA Plan. Plaintiff's Complaint alleges that Plaintiff is entitled to LTD benefits in the amount of 60% of his basic monthly earnings pursuant to his employee-benefits plan and that Liberty Life has wrongfully reduced his disability payment based on an estimated social security benefit. *See* Compl., ¶¶ 8-9, 16. The label provided by Plaintiff is not dispositive. Plaintiff's breach of settlement agreement claim "relates to" the Plan because he seeks additional benefits under the Plan or to clarify his right to receive future benefits under the Plan. *Zuniga v. Blue Cross & Blue Shield*, 52 F.3d 1395, 1401 (6th Cir. 1995) ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.")

In *Zuniga*, a psychiatrist brought an action against Blue Cross Blue Shield after he was "departicipated," or precluded from receiving payment from Blue Cross Blue Shield for treating covered patients. *Id.* at 1396. The parties settled and Blue Cross Blue Shield agreed to allow him to become a participating physician again. *Id.* at 1397. When he was later removed from being a participating physician, he filed a second action alleging breach of the settlement agreement. *Id.* at 1397.

The *Zuniga* court rejected the psychiatrist's argument that his breach of settlement agreement claim was not preempted by ERISA. *Id.* at 1401-02. The court explained in relevant part:

> [I]t is rather obvious that in order for Zuniga to prevail on his claim that Blue Cross

> breached the settlement agreement, the ERISA plans must be read. Under the settlement agreement, Zuniga was reinstated as a preferred provider. When he abused his status, he was removed [from the plan]. This is not tenuous or remote but obvious; the relief Zuniga seeks is to be reinstated as a preferred provider, which means being paid under the terms of the plans for his treatment of covered patients. Only those state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted . . . . [Thus,] virtually all state law claims relating to an employee benefit plan are preempted by ERISA.

*Id*. at 1402. Likewise, while Plaintiff's claim appears to arise from a separate agreement that was not part of his ERISA Plan, he seeks payment of benefits under the Plan.

Similarly, in *Goldman v. BCBSM Foundation*, No. 11-14043, 2012 U.S. Dist. LEXIS 54469 (E.D. Mich. Apr. 18, 2012), the plaintiff filed suit against the plan administrator of his employee-benefits plan when the administrator denied his claim for certain prescription medication. *Id.* at *3. The administrator and the plaintiff reached a settlement agreement whereby the administrator agreed to pay $35,000.00 to settle the dispute concerning the prescription medication. *Id.* at *3-4. The parties further agreed that "[f]or the payment of other/future prescription claims, BCBSM will follow the parameters set forth in [the plaintiff]'s preferred Rx Program Certificate . . . ." *Id.* When the administrator later denied the plaintiff's claim for the same prescription medication, he brought another action raising the following claims: (1) Violation of ERISA, (2) breach of contract and (3) breach of settlement agreement. *Id*. at *1. The *Goldman* court concluded that the plaintiff's breach of settlement agreement claim was preempted because "it is clearly based on a denial of current coverage which is governed by an ERISA plan." *Id.* at *9.

Plaintiff relies on several cases in an effort to establish his claim is not preempted, however none of the cases supports Plaintiff's argument and some actually support Liberty Life's position. For instance, in *Boren v. N.L. Industries, Inc., N.L.*, 889 F.2d 1463 (5th Cir. 1989), the Fifth Circuit Court of Appeals affirmed the district court's grant of summary judgment "on the basis of ERISA

preemption." *Id*. at 1465. In *Dukes v. U.S. Healthcare*, 57 F.3d 350 (3d Cir. 1995), the court found no ERISA preemption because the claims involved a dispute concerning the quality of medical care, rather than for a denial of benefits. *Id*. at 356-57 ("Instead of claiming that the welfare plans in any way withheld some quantum of plan benefits due, the plaintiffs in both cases complain about the low quality of the medical treatment that they actually received and argue that the [] HMO should be held liable under agency and negligence principles.").

In *Olchovy v. Michelin Northamerica, Inc*., No. 11-cv-1733, 2011 WL 4916564 (E.D.N.Y. Oct. 17, 2011), the court remanded the plaintiffs' breach of settlement agreement claim because it arose from a settlement agreement wherein the employer agreed to provide lifetime payment of family medical coverage. *Id*. at *1. Therefore, the court concluded that the plaintiffs' breach of contract claim involved a duty that arose independent of an ERISA employee-benefits plan. *Id.*

Based on the foregoing considerations, the Court finds that Plaintiff's claim involves interpretation of the Plan's provisions, including application of the "other income" provision to Plaintiff's disability benefits payment. Accordingly, his claim is preempted by ERISA and removal of this action to federal court was proper.

### B.  Local Counsel Requirement

This Court requires strict compliance with E.D. Mich. L.R. 83.20(f), which states that a party must obtain local counsel if the party is represented by counsel who is not a member of the State Bar of Michigan. *See* E.D. Mich. L.R. 83.20(f). Local counsel must enter a notice of appearance and attend all conferences and hearings in the case. *Id.* Specifically, Local Rule 83.20(f) states:

> **(f)  Local Counsel.**
>
> **(1)  General Requirement.** A member of the bar of this court who appears as

attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

**(2)** **Appearances of Local Counsel.** Local counsel must attend each scheduled appearance on the case unless the court, on its own motion or on motion or request of a party, dispenses with the requirement.

E.D. Mich. L.R. 83.20(f). Accordingly, Defendant is required to promptly obtain local counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [#8] is DENIED. Defendant shall promptly obtain local counsel, who shall be obligated to file a Notice of Appearance <u>no later than July 11, 2014</u>.

SO ORDERED.

Dated: July 3, 2014 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE